UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA, )
          )
    Plaintiff, )
          ) Civil No. C-08-5249-FDB
    v. )
          ) **ORDER DENYING DEFENDANTS'**
TIMOTHY L. PALMER, DEANNA M. ) **PETITION FOR STAY PENDING**
PALMER, THE LAND BOUNTIFUL ONE, **ADMINISTRATIVE PROCESS,**
) **DENYING ORDER TO SHOW**
PIERCE COUNTY , **CAUSE, AND DENYING PETITION**
) **FOR STAY PENDING**
          ) **CORRECTION OF RECORD**
          )
    Defendants. )
          )

This matter comes before the Court on Defendant Palmer's (1) Petition for Stay Pending Outcome of the Private Administrative Process, (2) An Order for Showing Cause why the record should not be corrected, and (3) Petition for Stay pending the correction of the record. The Court, having reviewed the Defendants' pleadings and the response thereto, is fully informed and denies Defendants' requests for relief for the reasons that follow.

**Introduction and Background**

The United States initiated this action to reduce to judgment federal tax assessments against Timothy and Deanna Palmer and to foreclose on a parcel of real property. Neither the Palmers nor the other named Defendant, "The Land Bountiful" (an alleged sham entity of the Palmers that holds title to the real property at issue) have answered the factual allegations contained in the complaint. Instead, the Palmers have filed two petitions for stay: a Petition for Stay Pending Outcome of the Private

ORDER - 1

Administrative Process and Petition for Stay pending the correction of the record; and a request for an Order for Showing Cause why the record should not be corrected. Taken together, these pleadings assert an argument that the Palmers are entitled to $4 million from the United States Treasury and that the Court should allow correction of the record to reflect this "reality" and enter a stay so that the defendants may satisfy their tax debts with a promissory note drawn on these funds held by the U.S. Treasury.

**There Exists No Basis for Stay or Order to Show Cause**

It is within the Court's discretion to grant a stay of proceedings in its own court. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005). The Ninth Circuit has held that in determining whether a stay of a pending proceeding is appropriate the district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." Id. at 1110. The competing interests to be considered are: (1) the possible damage that may result from the granting of a stay; (2) the hardship that the party seeking the stay may suffer by being required to go forward; and (3) the orderly course of justice measured by considering whether issues will be simplified or complicated, proof, and questions of law which could be expected to result from a stay. Id.

Defendants' requests are premised on a tax protester theory commonly known as "redemption" and has also been referred to as "acceptance for value" and "charge back." See, e.g., United States v. Saldana, 427 F.3d 298, 302 (5th Cir. 2005); Bryant v. Washington Mut. Bank, 524 F.Supp.2d 753 (W.D. Va. 2007). According to this argument, the United States government went bankrupt in 1933 when it suspended the gold standard, and no longer had collateral with which to back its debts. Thus, the theory claims, the United States pledges its current and future citizens as collateral and has accounts linked to the birth certificate number of each citizen. Saldana, at 302. The theory states that each citizen has a "straw man" that controls the account linked to the birth certificate. Litigants espousing redemption theory claim that this account is a valuable asset worth millions and that they can gain control over their straw man and this account by making particular UCC filings. Bryant, at 759-60. Once they have made these UCC filings, litigants relying on this theory claim that they can execute a promissory note, bill of exchange, or "sight draft" drawn on their birth certificate account at the United States Treasury and use the note as cash. Id., at 759.

ORDER - 2

Relying on this argument, the Palmers claim that they are entitled to $4 million set aside in an account at the United States Treasury attached to Mr. Palmer's birth certificate and that they wish to use the money in this supposed account to pay off their tax debts. Thus, they request a stay so that they can "correct" the record to state that they are "creditors," rather than "debtors," of the United States Treasury, and request a stay so that the purported negotiable instrument can be deposited with the Court supposedly resolving the case.

The thought that the government is holding this vast wealth for our individual needs is certainly appealing. However, the contention is nonsensical and has been soundly rejected. See Bryant v. Wash. Mut. Bank, 524 F. Supp. 2d 753 (W.D. Va. 2007); United States v.Saldana, 427 F.3d 298 (5th Cir. 2005); United States v.Waalee, 133 Fed. Appx. 819 (3rd Cir. 2005); United States v. Allison, 264 Fed. Appx. 450 (5th Cir. 2008); United States v.Clapier, 40 Fed. Appx. 455, 457 (9th Cir. 2002).

Accordingly, the Palmers have not alleged any hardship or inequity that would overcome the harm to the United States that would result from granting the Palmers' petitions for stay, nor have they advanced any other reason to justify a stay or justifying the issuance of an order to show cause.

**Conclusion**

For the above stated reasons Defendants are not entitled to relief.

ACCORDINGLY;

IT IS ORDERED:

(1) Defendants' Petition to Stay pending outcome of the private administrative process, and Order for Showing Cause, why the record should not be corrected [Dkt. # 27] are **DENIED**;

(2) Defendants' Petition for Stay Pending the Correction of the Record [Dkt. #28] is **DENIED**.

DATED this 24th day of October, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3