1  Timothy L. Palmer, Bailee for Real Party in Interest
   c/o 5362 Desert Falls Drive
2  Fort Worth, TX 76137
   (817) 605-0472:
3

4

5

6

7

8                     District Court for the United States
9                       Western Division of Washington
                               At Tacoma
10 _____         COURT CASE NO.  **C-08-5249-FDB**
                                        )
11 THE UNITED STATES OF AMERICA )
                                        )
12        Plaintiff,                    )       **MEMORANDUM in support of MOTION
                                        )       FOR  SHOWING  CAUSE  WHY  THE**
13        v                             )       **PLAINTIFF's  ATTORNEY  IS  NOT  IN
                                        )       CONTEMPT OF OATH OF OFFICE**
14 TIMOTHY L. PALMER, DEANNA M. )
   PALMER, THE LAND BOUNTIFUL, )                [filed concurrently with answer]
15 et al                               )
          Defendants                   )        Oral Argument Waived
16                                      )
                                                The Honorable Franklin D.  Burgess
17 _____

18

19 **POINTS AND AUTHORITIES**
20

21
   In support of Movants' motion for showing cause why the plaintiff's attorney is not in contempt of
22
   a court order mandating that Plaintiff's attorney swear an oath of office to uphold the Constitution
23
   , the rules of court, and the canons of ethics, Movants offer the following tenets underlying certain
24
   court opinions.  The tenets are not presented as argument, but as arguable *cci,* since numerous case
25
   cites may be found to contradict each other, but the tenets of law are all based on the same principle
26
   of honor/dishonor, which cannot change would be changed.
27

08-CV-05249-MEM

1   I.   PRIVATE SETTLEMENT MANDATE

2   No party is permitted to seek judicial review, until private administrative remedies have been

3   exhausted.   Because courts recognize the 11th hour change of heart that occurs frequently, which

4   is why most cases do not go to trial, commerce is very forgiving in permitting someone who has

5   discovered the error of his ways to correct his mistakes.   The judge in the decision in OK Corp vs.

6   Williams 461 F. Supp 540, strongly intimated that a party who fails to settle or negotiate in the

7   private is actually 'on appeal' if the case has to go to court.   This is a disaster because no new

8   evidence may be produced on appeal.   For the US attorney in this matter to insist on public

9   adjudication, on some predilection to believe that people never change, is contrary to everything the

10   due process mandates prescribe.   This is why it ties in very closely with the decision based on the

11   tenet found in Davila vs. Shalala 848 F. Supp 1141, which provides that any party who fails to

12   produce or re-create the record, must expect the court to construe said party as having no position.

13   The dishonor of silence far outweighs that even of argument, which is why it would be extremely

14   unconscionable for the US attorney to compel a party into public litigation prior to their newly

15   discovered duty to produce or re-create a record.

16        Contempt of a court order is not limited to the time or place of the issuance of the order.

17   When each attorney applies to practice law, he or she, upon being found fit, **is ordered to take an**

18   **oath of office** to uphold the Constitution, abide by the rules of court, and live in honor pursuant to

19   the canons of ethics.   That court order is so strong and so powerful it is reinforced by the past 20

20   years of strong sanctions against attorneys who violate that order, as  incorporated into the Federal

21   Rules of Civil Procedure, specifically at Rule # 11, which absolutely forbids an attorney to affix his

22   or her name to any document filed with the court which contains any misrepresentation whatsoever.

23   Should Plaintiff's attorney dare to stand in front of this honorable court and allege that there is a

24   controversy requiring the resources of the court, prior to demonstrating with factual and admissible

25   evidence that Movants are disingenuous, shall lie as *prima facie* evidence that this attorney does not

26   take her oath of office seriously, and is willing to risk the ramifications of 18 USC §1001, which

27   prescribes the punishment for making unsupported statements to the court.   This alone, should

28   justify the motion for showing cause, and be gratefully received by all parties operating in good faith,

1  in order to ensure that Plaintiff proceeds lawfully and legally, insuring the court that there is no other
2  means available for resolution. This is a heavy burden because, while Movants have not yet had
3  enough time to make substantial changes in the record, having received the third amended complaint
4  today, Plaintiff still has nothing more than presumptions and assumptions, and a record
5  demonstrating an unwillingness to allow truly repentant parties to make restitution and repent.
6  Thus, the motion for showing cause should demonstrate to the US attorney that the private settlement
7  is actually between movements and the agency, i.e. , the IRS.

8          Now that Movants understand the function of the agency is to ensure the return of the ' tax'
9  to its source, and Movants have a reasonable idea of how to create the record to establish themselves
10  as the source, it would be foolhardy for Plaintiff's attorney to attempt to persuade the court that the
11  request for private settlement is disingenuous. Foolhardy includes violations of the oath of office,
12  under court order, to uphold the Constitution because the loss of constitutional rights, even for short
13  periods of time, constitutes irreparable injury ( reference: Deerfield Medical Center vs. City of
14  Deerfield Beach, 661 F.2d 328-338 [ Fifth Circuit 1981]) Should the US attorney allege before this
15  honorable court that there is not a remedy other than public adjudication, when the record
16  demonstrates the exact opposite, the court would become a participant in a debt which could not be
17  discharged, because if the Plaintiff will not permit a private settlement, it cannot use the court to
18  extort a settlement under threat and duress, until it demonstrates unequivocally that movants are
19  recalcitrant or have no other path except to perpetuate a fraud upon the court, when this stay, if
20  unopposed, would clearly demonstrate Movants will begin filing their tax returns for all of the years
21  in question, providing the IRS with all of the books and records demonstrating the identity of the
22  public entities to whom the private credit was granted, benefitting all parties, and demonstrating that
23  no one needs to use the court to twist Movants' arms any longer.

24          Movants were truly grateful that the US attorney patiently did not oppose the prior requests
25  for expansions of time made in the public venue, for unbeknownst to all parties, the correct
26  information on how to establish an accurate record fell into Movants laps, unexpectedly.

27  Just because the event could not have been foreseen, does not mean it should be disregarded at the
28  price of denial of due process, involuntary servitude, abrogating the right to petition the Government

1   for a redress of grievance , and, the taking of private property for public use without just

2   compensation, because all of those will result if a Plaintiff/agency can compel someone into a

3   judicial review after the party has acceded to the wishes of the agency.  For what purpose, to what

4   avail?   Give the agency an opportunity to determine a ruling before asking a court to review it.  If

5   US attorney wants to skip over that part, she must show cause, or be deemed in contempt of the court

6   order  mandating that she uphold her oath of office  .

7          The court is already an appeal, which is why the rules for setting aside a default judgment

8   are so strict.  Movants have learned late that private settlement is possible, but not too late, as it is

9   never too late to settle and close an open account.

10          If Plaintiff's attorney wants her day in court, she may have it addressing this motion for

11   showing cause, because silence can only be equated with fraud where there is a legal or moral duty

12   to speak or where an inquiry left unanswered would be intentionally misleading. [ reference

13    US vs. Tweel, 550 F.2d 287 ( 1997)].

14   "It is the province of the judiciary to determine what the law is, not what it should be. [ US vs.

15   Dickerson, 166 F3d 667 ( fourth circuit 1999)].  If Movants attempt to come to an agreement with

16   the agency, the US attorney should be requested to show cause why she is not interfering with a

17   private contract or settlement, by this honorable court .

18          In his Judicial Review of Settlements and Consent Decrees: An Economic Analysis, Sanford

19   I. Weisburst's Abstract opines: "It is a well-known fact that most litigation, civil and criminal, ends

20   in settlement rather than trial. Somewhat less attention is paid to the rules that govern the process

21   of settlement. This should not be too surprising, given that the **general rule is that there are no**

22   **rules**: parties to a lawsuit are free to settle <u>without obtaining the court's approval</u>. But there are

23   several exceptions, areas where the parties must seek and obtain judicial approval of their

24   ////

25   ////

26   ////

27

28

1   settlement." This is why Movants did not request a discharge or dismissal. Plaintiff's attorney still

2   has the option to keep the control over the final resolution in the hands of the court.

3   October 24, AD2008

4   Respectfully submitted,

5   _Timothy L. Palmer_

6   Timothy L. Palmer for Timothy Lee Palmer, Real Party in Interest and wife

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28