UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TIMOTHY L. PALMER, DEANNA M. PALMER, THE LAND BOUNTIFUL ONE, PIERCE COUNTY ,

    Defendants.

Civil No. C-08-5249-FDB

**ORDER DENYING DEFENDANTS' MOTION FOR SHOWING CAUSE WHY THE PLAINTIFF'S ATTORNEY IS NOT IN CONTEMPT OF OATH OF OFFICE**

This matter comes before the Court on Defendants Palmers' "Motion for Showing Cause why Plaintiff's Attorney is Not in Contempt of Oath of Office". The Court, having reviewed the Defendants' pleadings and the response thereto, is fully informed and denies Defendants' motion for the reasons that follow.

**No Basis for Order to Show Cause or Contempt**

The United States initiated this action to reduce to judgment federal tax assessments against Timothy and Deanna Palmer and to foreclose on a parcel of real property. Neither the Palmers nor the other named Defendant, "The Land Bountiful" (an alleged sham entity of the Palmers that holds title to the real property at issue) have answered the factual allegations contained in the complaint. Instead, the Palmers have filed two petitions for stay: a Petition for Stay Pending Outcome of the Private Administrative Process and Petition for Stay pending the correction of the record; and a request for an Order for Showing Cause why the record should not be corrected. Taken together, these pleadings assert an argument that the Palmers are entitled to $4 million from the United States Treasury and that the Court

ORDER - 1

should allow correction of the record to reflect this "reality" and enter a stay so that the defendants may satisfy their tax debts with a promissory note drawn on these funds held by the U.S. Treasury.

The United States responded, arguing that Defendants were not entitled to the requested relief. This Court agreed and entered an Order on October 24, 2008 denying Defendants' petitions for stay and request for an order to show cause. See Dkt. # 33. As set forth in that Order, Defendants' requests are premised on a tax protester theory commonly known as "redemption" and has also been referred to as "acceptance for value" and "charge back." This theory is nonsensical and has been soundly rejected. See Bryant v. Wash. Mut. Bank, 524 F. Supp. 2d 753 (W.D. Va. 2007); United States v.Saldana, 427 F.3d 298 (5th Cir. 2005); United States v.Waalee, 133 Fed. Appx. 819 (3rd Cir. 2005); United States v. Allison, 264 Fed. Appx. 450 (5th Cir. 2008); United States v.Clapier, 40 Fed. Appx. 455, 457 (9th Cir. 2002).

It is the government's filing of responses to these previous requests for relief that apparently form the basis for Defendants' latest motion. This contention is frivolous. There exist no Order of this Court that Plaintiff's counsel has disobeyed. Nor is there any oath of office that was violated by responding to the Palmers' motions for relief.

Accordingly, the Palmers have not advanced any reason to justify the issuance of an order to show cause.

**Conclusion**

For the above stated reasons Defendants are not entitled to an order to show cause.

ACCORDINGLY;

IT IS ORDERED:

(1) Defendants Motion for Showing Cause Why the Plaintiff's Attorney is Not in Contempt of Oath of Office [Dkt. # 34] is **DENIED.**

DATED this 17th day of November, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2