UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY L. PALMER, DEANNA M. PALMER, THE LAND BOUNTIFUL ONE, PIERCE COUNTY , US BANCORP FORMERLY DOING BUSINESS AS WEST ONE BANK,<br><br>　　　　　Defendants. | Civil No. C08-5249 FDB<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR DISCOVERY SANCTIONS** |

This matter is before the Court on the United States' Motion for Discovery Sanctions. The Defendants Timothy Palmer and Deanna Palmer have not filed what can be deemed a meaningful response.1/ Upon consideration of the motion and the record in this case, and for good cause shown, the Court finds that Defendants Timothy Palmer and Deanna Palmer have acted willfully in their failure to respond to the United States' discovery requests as set forth in the United States' motion. Thus, the

---

1/ The Palmers have attempted to file voluminous and duplicative documents in support of their discredited tax defier theory. These documents can only be described as frivolous, tax protester filings. In the most part, they have not been made part of the record because in order to file the documents, the Clerk's Office personnel must first scan them into the Court's electronic filing system before they may be entered on the docket. This extra work to file irrelevant and frivolous documents would unnecessarily burden the Clerk's Office. If defendant persists in his attempts to file irrelevant, frivolous, tax protester type documents, they will be returned to him.

ORDER
(C0805249 FDB)　　　　　　　　　　- 1 -

United Sates is entitled to the requested relief.

The United States initiated this action to reduce to judgment federal tax assessments against Timothy and Deanna Palmer and to foreclose on a parcel of real property. Neither the Palmers nor the other named Defendant, "The Land Bountiful" (a sham entity of the Palmers that holds title to the real property at issue) have responded to requested discovery. Instead, the Palmers have repeatedly asserted in numerous filings an argument that the Palmers are entitled to $4 million from the United States Treasury and that the Court should allow correction of the record to reflect this "reality" and hold that the defendants may satisfy their tax debts with a promissory note drawn on these funds held by the U.S. Treasury.

On more than one occasion, this Court has held the Palmers' claims to be utterly lacking in any legal or factual basis. See Dkt. # 33, # 39, # 55, # 61. The Palmers' persistence in asserting this frivolous tax defier theory as an excuse for refusing to provide meaningful discovery is in willful defiance of this Court's discovery orders. Absent the imposition of a case-dispositive sanction, there is a risk of severe and substantial prejudice to the United States. The Palmers shall not be permitted to provide evidence regarding matters about which they steadfastly refused to provide in defiance to the rules of discovery and this Court's orders.

Accordingly, an order that has the effect of establishing a claim or determining a cental issue in this litigation is appropriate. See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112 (9th Cir. 2004).

ACCORDINGLY;

IT IS HEREBY ORDERED THAT the United States' Motion for Discovery Sanctions is **GRANTED**.

IT IS FURTHER ORDERED THAT Defendants Timothy and Deanna Palmer are prohibited from calling any witnesses not identified as of March 16, 2009, pursuant to the United States' discovery requests.

IT IS FURTHER ORDERED THAT Defendants Timothy and Deanna Palmer are prohibited from introducing any documentary or testimonial evidence to rebut the following allegations of the

government:

(1) Timothy Palmer owes the United States $304,247.83 for federal income taxes, penalties, interest, and other statutory additions for tax year 1992 plus accruals as allowed by law after April 30, 2008;

(2) Timothy Palmer owes the United States $459,253.35 for federal income taxes, penalties, interest, and other statutory additions for tax year 1993 plus accruals as allowed by law after April 30, 2008;

(3) Timothy Palmer owes the United States $196,961.74 for federal income taxes, penalties, interest, and other statutory additions for tax year 1994 plus accruals as allowed by law after April 30, 2008;

(4) Timothy Palmer owes the United States $269,854.79 for federal income taxes, penalties, interest, and other statutory additions for tax year 1995 plus accruals as allowed by law after April 30, 2008;

(5) Timothy Palmer owes the United States $136,049.45 for federal income taxes, penalties, interest, and other statutory additions for tax year 1996 plus accruals as allowed by law after April 30, 2008;

(6) Timothy Palmer owes the United States $347,972.50 for federal income taxes, penalties, interest, and other statutory additions for tax year 1997 plus accruals as allowed by law after April 30, 2008;

(7) Timothy Palmer owes the United States $362,876.39 for federal income taxes, penalties, interest, and other statutory additions for tax year 1998 plus accruals as allowed by law after April 30, 2008;

(8) Timothy Palmer owes the United States $332,904.04 for federal income taxes, penalties, interest, and other statutory additions for tax year 1999 plus accruals as allowed by law after April 30, 2008;

(9) Timothy Palmer owes the United States $141,620.40 for federal income taxes, penalties, interest, and other statutory additions for tax year 2000 plus accruals as allowed by law after April 30, 2008;

(10) Timothy Palmer owes the United States $60,037.37 for federal income taxes, penalties, interest, and other statutory additions for tax year 2001 plus accruals as allowed by law after April 30, 2008;

(11) Timothy Palmer owes the United States $11,530.02 for federal income taxes, penalties, interest, and other statutory additions for tax year 2002 plus accruals as allowed by law after April 30, 2008;

(12) Deanna Palmer owes the United States $139,458.30 for federal income taxes, penalties, interest, and other statutory additions for tax year 1992 plus accruals as allowed by law after April 30, 2008;

(13) Deanna Palmer owes the United States $270,236.71 for federal income taxes, penalties, interest,

and other statutory additions for tax year 1993 plus accruals as allowed by law after April 30, 2008;

(14) Deanna Palmer owes the United States $63,117.60 for federal income taxes, penalties, interest, and other statutory additions for tax year 1994 plus accruals as allowed by law after April 30, 2008;

(15) Deanna Palmer owes the United States $96,095.07 for federal income taxes, penalties, interest, and other statutory additions for tax year 1995 plus accruals as allowed by law after April 30, 2008;

(16) Deanna Palmer owes the United States $42,533.14 for federal income taxes, penalties, interest, and other statutory additions for tax year 1996 plus accruals as allowed by law after April 30, 2008;

(17) Any purported transfer of the Subject Property to the Land Bountiful One lacked consideration;

(18) The Land Bountiful One was the alter ego of Timothy and Deanna Palmer;

(19) At all relevant times, the Palmers continued to retain control over and use of the Subject Property;

(20) The Palmers purported to transfer the Subject Property to the Land Bountiful One in order to hinder the ability of the Internal Revenue Service to collect their federal tax liabilities;

(21) The Land Bountiful One does not have an ownership or other interest in the Subject Property;

(22) The Palmers were insolvent at the time of the purported transfer of the Subject Property from the Palmers to the Land Bountiful One.

IT IS SO ORDERED this 6th day of April, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER
(C0805249 FDB) - 4 -