08-CV-05249-LTR

Timothy Lee Palmer and Deanna Marie Palmer
c/o 5362 Desert Falls Drive
Fort Worth, Texas [near 76137]

C 08-5249 FDB

Jeffrey C. Sullivan , United States Attorney
1201 Pacific Ave. Suite #700
Tacoma, WA 98402

Adair F. Boroughs, dba Trial Attorney, Tax Division
US Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044



FILED

JUN - 1 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

May 27, AD2009

Notice: This document appears, in deed, pursuant to 1 Stat 122, 2 Stat 298

### Letter Rogatory

| | | |
|---|---|---|
| The United States of America | ) | |
| | ) | special proceeding affidavit of secured party |
| Texas state | ) | (1) FULL ACCEPTANCE  OF MOTION FOR |
| | ) | SUMMARY JUDGMENT in case #C 08-5249 FDB, dated |
| Tarrant County | ) | May 21, AD2009; (2) ADDITIONS TO THE RECORD |
| | ) | FOR THE COURT DETERMINATION REQUESTED |
| | ) | IN THE FORM OF A RATIFICATION |

*(handwritten left margin, rotated: )* 3 exhibits (not attached to this document) in box

### Memorandum in Law

In re: (1) full acceptance of the Plaintiff's Motion for Summary Judgment and embedded request for court determination as to any remaining encumbrances, i.e., entitlement of Plaintiff to foreclose, dated May 19, AD2009, which reflects Plaintiff's inability to establish evidence of a priority claim and/or interest, now that the court acknowledged receipt of the acceptance for value and coupon - See Exhibit A, the acceptance and return for value foreclosure and settlement of the Motion for Summary Judgment, and, Exhibit B, the court order with the acknowledgment of the receipt of the coupon, etc., (highlighted); (2) additions to the record for the court determination requested by Plaintiff as regards the existence of liens, 'priority' liens, merits of all current claims, and, determination as to whether or not the property requires a sale and a division of the proceeds, according to established claims, ergo, evidence of ratification of commencement, in the form of a ratification of the already existing record, eliminating the need for the "adjudication" sought by the public, i.e., Plaintiff (See Attachments I-IV).

**Greetings: We, Timothy Lee Palmer and Deanna Marie Palmer, by way of** special proceeding in regard to duty to ensure that the intent of the parties as regards substantive matters reflected in the private record to (1) form an accurate basis for the public record reflecting that there are no material facts in dispute, and, (2) ensure that no dishonors attributed to Bailees devastatingly lurk beneath the surface, including but not limited to (a) the acceptance of all claims by Deanna Palmer, notwithstanding the fact that she has been unemployed except as a homemaker, receiving

no 'income' but still willing to contribute as a grantor-in-fact, even if the fulfillment of the pledge is labeled 'taxes', and (b) the affidavit signed by The United States Attorney, who has never filed as attorney of record, continually references that there were "no responses" to the discovery, which flies in the face of evidence from the United States Post Office reflecting that responses were mailed on February 4, AD2009 and received on February 6, AD2009, with a repeat opportunity given to Plaintiff to object to the form or substance of the response, by a notary public, on February 14, AD2009. The record at the United States Post Office, which it maintains in the due course of its normal business, reflects that the envelope bore the number of Express Mail #EB 917445547 US. A second response was sent to the US attorney on February 11, AD2009 this time by Registered Mail #RR574418699 US, with a certificate of service signed by Peter Hinis. Since this alleged claim of lack of response was contained in an affidavit signed under penalty of perjury by the United States attorney, Bailees also do a full acceptance of this portion of Motion for Summary Judgment, as a separate entity in order to avoid the appearance of agreement that Bailees ever went into a dishonor. Had the US attorney, in her declaration, been accurate, the declaration would have reflected that the responses were not satisfactory, although that may have proven difficult when numerous opportunities to object to either substance or form, were provided. That notwithstanding, an affidavit made under penalty of perjury, and subject to the ramifications of 18 USC §1001, as well as FRCP #11 with its severe sanctions, is presumed to be true and correct, unless rebutted. Rather than risk the court applying an implied dishonor against Bailees, which could result in the sale of their property without any apparent justification or reason, Bailees have elected to ACCEPT the declaration as an individual document, locking the maker into the content, and providing Bailees with an opportunity to rebut specifics in the affidavit in support of this Letter Rogatory. Had the declaration stated the responses were 'unacceptable,' 'insufficient,' 'inadequate,' or 'incomplete,' the record would also have to reflect the US attorney filed a motion to get the court to agree with her, which is noticeably missing. In addition, what is noticeably missing, are contempt sanctions for failure to respond. Discovery is unnecessary when there is no need for trial, and the stipulation to the fact eight months ago, made the record that private settlement was the elected remedy, which indicates that there is no problem with the court considering the prohibition against submitting evidence not presented during the discovery phase, as long as the Court does not construe that as a dishonor opening the door to apply public policy to the settlement.

It is important to note that the full acceptances that have enabled Bailees to retain the status of honor, all bore the underlying 'condition' that the settlement was to be handled according to the policy prescribed in the private, i.e., the re-public, ergo the Republic, and nothing should be construed as an intent to subject a controversy to public policy, which is why all controversies have been avoided. The Bailees have apologized profusely throughout the past eight months for the mistake of having allowed the matter to go as far as it did, and have even acknowledged the fact that the threat of public adjudication was what it took to wake them up to realize their obligation and capacity as creditor/Grantor-In-Fact to the private trust, thereby owing a duty and agreeing to satisfy the pledge established through the creation of the corporate United States. At no time was any 'full acceptance' intended to grant the court the authority to apply public policies in lieu of the contract established in the private, which is reflected in the record every time Plaintiff was requested to show cause why the set off remedy was not superior to any remedy

requested by the public. The restriction to apply the private policy, i.e., the contract(s) established between the parties, as the law, is as applicable today, regarding this motion, as it has been intended since Bailees became aware of and adopted private settlement over public adjudication.

Therefore, Bailees provide the following arguable confidential commercial information (*hereinafter cci*) for the sole purpose of determining why, in the absence of public records to the contrary, said *cci* should not be sustained:

1.  The request of Plaintiff for Summary Judgment is herein accepted for value and returned for value by Bailees, converting the motion into a stipulation subject to ratification only;

2.  The request of Plaintiff for Summary Judgment reflects that there are no material facts in dispute, which is what Bailees have been alleging for eight months, i.e., since October 29, AD2008, when the acceptance for value and return for value of the claims initially occurred, and the correction of the record began;

3.  The request of Plaintiff for Summary Judgment also reflects that the court must "adjudicate the merits of the claims against the Subject Property, order a sale, and distribute the proceeds according to the priority of the claims," when there is no evidence of a controversy on this issue, requiring a judicial determination;

4.  The Court may, in its ministerial capacity, ratify the stipulation between the notary public and the Bailees that there has been an acceptance for value and return for value of the claims/contract/offer specifying more than the exact amount of the debt for each year in question;

5.  The Court may, in its ministerial capacity, ratify the stipulation between the notary public and the Bailees that there has been a remittance, whereby the coupon accompanied the 'payment,' represented by the statement that was accepted and returned for value;

6.  The Court may, in its ministerial capacity, ratify the stipulation between the notary public and the Bailees that there has been no objection by Plaintiff as to the substance of the 'payment;'

7.  The Court may, in its ministerial capacity, ratify the stipulation between the notary public and the Bailees that there has been no objection by the Clerk of the Court/Chief Financial Officer as to the substance of the 'payment;'

8.  The Court may, in its ministerial capacity, ratify the stipulation between the notary public and the Bailees that there has been no objection by Plaintiff as to the form of the 'payment;'

9.  The Court may, in its ministerial capacity, ratify the stipulation between the notary public and the Bailees that there has been no objection by the Clerk of the Court/Chief Financial Officer as to the form of the 'payment;' (See Attachment I)

10. The Court may take judicial notice of its own personal knowledge of the law (obtained through specialized training required in order to administrate in both the military democracy and the republic) that there is no way possible for either Plaintiff or Bailees to access the private record held at the DTC, otherwise known as the Depository Trust Company, because of the Privacy Act, as to whether or not the recent coupon bearing the signature and recently located number has been or may be converted into the type of specie or scrip desired by Plaintiff and/or the court (CFO);

11.   The Court may take judicial notice of its own personal knowledge of the law (obtained through specialized training required in order to administrate in both the military democracy and the republic) that there is no way possible for either Plaintiff or Bailees to access the private record held at the DTC, otherwise known as the Depository Trust Company, as to whether or not the recent coupon bearing the signature and recently located number has been or may be converted into the type of specie or scrip desired by Plaintiff and/or the court (CFO), except through the duty of the CFO to make daily deposits and keep a record of what is credited;

12.   The Court may take judicial notice of its own personal knowledge of the law (obtained through specialized training required in order to administrate in both the military democracy and the republic) that there is no way possible for either Plaintiff or Bailees to access the private record held at the DTC, otherwise known as the Depository Trust Company, as to whether or not the recent coupon bearing the signature and recently located number has been or may be converted into the type of specie or scrip desired by Plaintiff and/or the court (CFO), except to review the contract the Court CFO has, through HJR 192/Public Law 73-10, and the Treaties of Peace, to satisfy all public contracts created through the Acceptance and Return for Value remedy available to those who choose to redeem use of the war scrip imposed by the military democracy, who confiscated and is holding the conquered countries' 'money;'

13.   The Court may take judicial notice of its own personal knowledge of the law (obtained through specialized training required in order to administrate in both the military democracy and the republic) that the attempt of Plaintiff to toss the entire hot potato into the lap of the court for adjudication, reflects Plaintiff's admission that Plaintiff has not and cannot create a record to demonstrate there is any controversy on the issue of justification for the sale of the property, and has wisely cast it onto the court, who, sitting on the judicial side of the enterprise, can access the financial side, through the CFO/Clerk of the Court, for a review of the accounting/ledgering of the credits authorized by Bailees;

14.   The Court may take judicial notice of its own personal knowledge of the law as it has been established to reflect that failure to produce or re-create a record must be construed contrary to the position of the party who fails to produce or re-create the record;

15.   The Court may take judicial notice of its own personal knowledge of the law that the notarial record reflects Plaintiff's silence to the fact that the notary public has stipulated that the coupon and acceptance for value were delivered;

16.   The Court may take judicial notice of its own personal knowledge of the law that the notarial record reflects Plaintiff's silence to the fact that the recent court order acknowledged that the coupon and acceptance for value were received, thereby eliminating the need for adjudication, but mandating ratification;

17.   The Court may take judicial notice of its own personal knowledge of the law that the public record reflects the submission of the coupon and the acceptance and return for value, were in favor of and benefitted the United States, mandating that the clerk of the court zero out the account and release the surety property;

18.   The Court may take judicial notice of its own personal knowledge of the law that Plaintiff's plea for adjudication has no basis in law, when there is no controversy, and no chance for a controversy, and a record exists which can be ratified by the CFO/Clerk of the

Court, via his records and contractual obligations to assist in set-offs/adjustments;

19.    The Court may take judicial notice of its own personal knowledge of the law that Plaintiff's plea for adjudication has no basis in law, and may constitute nothing more than one final 'test' to see if Bailees will abandon the honor of acceptance or even conditional acceptance for the dishonor of argument, which would then initiate a controversy, granting the court jurisdiction to adjudicate an already settled issue [no one walks around all day saying "I didn't kill anyone today," unless someone accuses them under oath.];

20.    The Court may take judicial notice of its own personal knowledge of the law that Bailees' efforts to elicit the public information regarding the tender of the signature on the coupon authorizing the release of the credits, in order to fill in the hole left by Plaintiff's lack of evidence, i.e., whether presentment of the instrument was made (not a private issue) and whether a notice of dishonor emanated from the DTC/Secretary of the Treasury (also not a private issue), establishes the record that Plaintiff has been or should be immediately made whole, regardless of whether the stipulations are signed by the IRS agent and/or the CFO/Clerk of the Court, negating the necessity for the sale of the property, because even the refusal to sign the stipulations presented to them, constitute a dishonor for failure to produce or re-create a record (See Attachments II & III, submitted for signatures on May 26, AD2009 and proposed GSA Form 28, (Attachment IV) should Plaintiff and/or the Clerk of the Court/CFO require this and other forms such as 24, 25, 25A, which only have to be submitted to Bailees, who are willing to complete them, as necessary).

21.    The Court may take judicial notice of its own personal knowledge of the law that Plaintiff's inability to produce material facts or evidence that the remedy Bailees have chosen to set off the debt will not make Plaintiff whole, must be construed as an acceptance that the remedy tendered is not ripe for adjudication, but, in the absence of any objection, must be ratified.

22.    The Court may take judicial notice of its own personal knowledge of the law that Plaintiff's inability to produce material facts or evidence that the remedy Bailees have chosen to set off the debt will not make Plaintiff whole, must be construed as an acceptance that the new contract must be deemed to have been written, offer, and accepted in the private/republic, now that there is a record showing the absence of any objection, making ratification under private policy, not public policy, the standard which the court must apply.

23.    The Court may take judicial notice of its own personal knowledge of the law that Plaintiff's inability to produce material facts or evidence that the remedy Bailees have chosen to set off the debt is not superior to the remedy suggested by the Plaintiff, i.e., the sale of the house, which will only reap liability instruments which augment the debt of the country, must be construed as an acceptance that the remedy tendered is not ripe for adjudication, but, in the absence of any objection, must be ratified.

24.    The Court may take judicial notice of its own personal knowledge of the law that Plaintiff's inability to produce material facts or evidence that the remedy Bailees have chosen to set off the debt is not superior to the remedy suggested by the Plaintiff, i.e., the sale of the house, which will subject Bailees to unnecessary scrutiny under the Trading with the Enemy Act, must be construed as an acceptance that the remedy tendered is not ripe for adjudication, but, in the absence of any objection, must be ratified.

25. The Court may take judicial notice of its own personal knowledge of the law that Plaintiff's inability to produce material facts or evidence that the remedy Bailees have chosen to set off the debt is not superior to the remedy suggested by the Plaintiff, i.e., the sale of the house, because it creates a win-win situation where Plaintiff's debt is reduced and the Trading with the Enemy Act will not be inappropriately applied to creditors (who must be protected at all costs in any jurisdiction), must be construed as an acceptance that the remedy tendered is not ripe for adjudication, but, in the absence of any objection, must be ratified.

### OPPORTUNITY TO CURE

You are reminded that failure to produce or recreate a record capable of demonstrating that there is any evidence that the information presented above for the purpose of establishing the intent of the summary judgment stipulation is inaccurate or incomplete, shall constitute a stipulation that the record shown reflects exactly what is stated in the evidence above and in the attached affidavit in support.

Dated this ___28th___ Day of the _Fifth_ Month, in the year of our Lord, Anno Domini, Two thousand and nine. [May 28, AD2009]

Sincerely,

Timothy Palmer and Deanna Palmer, Grantors-In-Fact/Bailors/Beneficiaries of the Public Trust

TIMOTHY PALMER AND DEANNA PALMER, Private Trustee /Bailee # SS 529626775 and #SS 528823833

cc: the Honorable Franklin D. Burgess, USDC Union Station Courthouse, 1717 Pacific Ave., Room 3100, Tacoma, WA 98402-9800

Bruce Rifkin, dba Clerk of the Court, United States District Court, Western District of Washington, 1717 Pacific Ave.,Tacoma, Washington 98402-9800