UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TIMOTHY L. PALMER, DEANNA M. PALMER, THE LAND BOUNTIFUL ONE, PIERCE COUNTY,

    Defendants.

Civil No. C08-5249 FDB

**ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on motion of the United States for summary judgment finding that (1) Defendants Timothy and Deanna Palmer are indebted to the United Sates for unpaid federal taxes, penalties and interest, and (2) the United States is entitled to foreclose its federal tax lien against the subject property. The Court, having reviewed the motion, Defendants' pleadings in response and the record herein, is fully informed and grants the motion for summary judgment for the reasons that follow.

**Introduction and Background**

The United States initiated this action to reduce to judgment federal tax assessments against Timothy and Deanna Palmer and to foreclose on a parcel of real property. The United States has submitted Forms 4340 showing tax assessments against Timothy Palmer for income tax, related penalties and interest for tax years 1992-2002, and tax assessments against Deanna Palmer for income tax, related penalties and interest for tax years 1992-1996. The United States has also submitted Notices of Deficiency and Explanation of Items sent to the Palmers explaining the assessments made against them.

The Palmers and the other named Defendant, "The Land Bountiful One" (an alleged sham entity

ORDER - 1

of the Palmers that holds title to the real property at issue) do not contest the delineated facts in the United States' motion for summary judgment, nor do they contest the amount of their tax liabilities. Instead, the Palmers continue to assert an argument that the Palmers are entitled to $4 million from the United States Treasury and that the Court should allow correction of the record to reflect this "reality" and hold that the defendants may satisfy their tax debts with a promissory note drawn on these funds held by the U.S. Treasury.

This Court has rejected the Palmers' prior requests for recognition of these "facts" as meritless, finding this tax protester theory commonly known as "redemption" nonsensical and soundly rejected in this and all other jurisdictions. See Bryant v. Wash. Mut. Bank, 524 F. Supp. 2d 753 (W.D. Va. 2007); United States v.Saldana, 427 F.3d 298 (5th Cir. 2005); United States v.Waalee, 133 Fed. Appx. 819 (3rd Cir. 2005); United States v. Allison, 264 Fed. Appx. 450 (5th Cir. 2008); United States v.Clapier, 40 Fed. Appx. 455, 457 (9th Cir. 2002).

Default judgment has been entered against The Land Bountiful One, as it has failed to appear in this case. The parcel of real property sought to be foreclosed in this action is located at 14717 39th Avenue E., Tacoma, Washington and is legally described as:

> Lot 7 of Pierce County Large Lot Division recorded on September 14, 1983, under Recording No. 8309140188, in Pierce County Washington.
> TOGETHER WITH a non-exclusive private road and utility easement as delineated on said Large Lot Division.
> EXCEPT that portion lying within the above described lot.
>
> SUBJECT TO: Sanitary Sewer Line Easement Agreement recorded December 21, 1984, under Recording No. 8412210273; Easement as appropriated by the City of Tacoma in Pierce County Superior Court Cause No. 132398; Easement as recorded on September 9, 1960, under No. 1900656; Easement as recorded October 17, 1984, under No. 8410170250; Easement as delineated on the face of the Pierce County Large Lot No. 8309140188; Restrictions, Conditions and Provisions contained in Pierce County Large Lot Division No. 8309140188; Matters disclosed by survey as recorded under No. 8402140308; Restrictions contained in Declaration of Protective Restrictions recorded August 23, 1985, under No. 8508230334.

The following facts are deemed admitted by the Palmers. On April 17, 1986, a Statutory Warranty Deed for the above described property was recorded in the name of Timothy L. Palmer and Deanna M. Palmer, husband and wife, with the Pierce County Auditor. By Deed recorded on or about March 1, 2000 with the Pierce County Auditor, Timothy and Deanna Palmer purported to convey or

ORDER - 2

transfer their interest in the property to The Land Bountiful One**.** When the Palmers purported to transfer the subject property to The Land Bountiful One, they knew they had not paid federal income taxes for tax years 1992-1999. The Palmers purported to transfer the property to The Land Bountiful One in order to hinder the ability of the Internal Revenue Service to collect their federal tax liabilities. The Land Bountiful One paid the Palmers no consideration for the property. The Palmers continued to retain control over and use of the property after they purportedly transferred the property to The Land Bountiful One. Timothy Palmer was not elected or appointed by a church or religious denomination to incorporate The Land Bountiful One as a corporation. The Land Bountiful One does not hold title to the property in trust for a church or religious denomination. The Land Bountiful One is an alter ego of Timothy and Deanna Palmer. The Land Bountiful One does not now have, nor has it ever had, an ownership or other interest in the subject property.

## Summary Judgment Standards

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); County of Tuolumne v. Sonora Cmty. Hosp., 236 F .3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U .S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986); see also Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, 1141 (CD. Cal. 2001).

In order to successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. Reese v. Jefferson Sch.

ORDER - 3

Dist. No. 14J, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. See v. Durang, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Liberty Lobby, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. Id., at 252.

## Federal Tax Liabilities

The United States bears the initial burden of proof in an action to collect taxes. Palmer v. Internal Revenue Service, 116 F.3d 1309, 1312 (9th Cir. 1997); United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983). The United States' burden can be met by the presentation of federal tax assessments. Palmer, at 1312; United States v. Cowan, 535 F. Supp.2d 1135, 1143 (D. Haw. 2008). A presumption of correctness attaches to the government's tax assessment, and introduction of the assessment establishes a prima facie case. Stonehill, at 1293; Cowan, at 1143. The presumption arises when it is substantiated by a minimal evidentiary foundation. The government's proffer of some substantive evidence that the taxpayer received unreported income is sufficient. Id. A certificate of Assessments and Payments, or Form 4340, is admissible, highly probative evidence demonstrating that notices and assessments were properly made. Cowan, at 1143; Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993); Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir. 1992).

The United States has met its initial burden, meeting the applicable standard by submitting affidavits consisting of the Form 4340 Certificates of Assessments and Payments generated and signed by an authorized delegate of the Secretary of the Treasury. The submission of these documents by the United States adequately evidences Timothy and Deanna Palmer's tax liabilities for the designated years. The government also introduced the Notices of Deficiency and Explanation of Items for Timothy and Deanna Palmer.

As a matter of law, the United States has provided evidence satisfying its burden for summary

ORDER - 4

judgment. See Stonehill, 702 F.2d at 1293. If the taxpayer fails to rebut the presumption, the government is entitled to judgment as a matter of law. See Adams v. United States, 358 F.2d 986, 994 (Ct. Cl. 1966); Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).

In their opposition papers, the Defendants do not question either the correctness or the validity of the assessments. The Palmers merely make reference to their tax defier theory that has already been rejected by this Court. In fact, by failing to answer the United States' Requests for Admissions, the Palmers have admitted that they owe taxes and penalties in the exact amounts stated in the IRS' assessments. Because the Palmers fail to identify any facts that would rebut the legitimacy of the 4340s, the only permissible inference is that the assessments of Timothy and Deanna Palmer's tax liability are valid as a matter of law. See Adams, 358 F.2d at 994.

The same is true regarding the Palmers' responses to discovery. No material issues of fact have been raised in the submitted materials asserting a tax defier theory. Simply stated, the Palmers have put forth no credible evidence that contests the validity and accuracy of the government's assessments. Because the tax defier challenge bears no merit and because Defendants have offered no evidence contesting the validity or correctness of the government's assessments, there exists no issue of material fact preventing entry of judgment in favor of the government. Consequently, the court will enter judgment against the Defendants for federal tax assessments made against Timothy Palmer for 1992-2002 and Deanna Palmer for 1992-1996.

**Fraudulent Transfer and Sham Entity**

When a taxpayer has fraudulently disposed of his property prior to the filing of a federal tax lien, the United States is entitled to rely upon the applicable fraudulent conveyance laws of the particular state in which the property is located to determine whether the conveyance should be set aside. See Towe Antique Ford Foundation v. Internal Revenue Service, 999 F.2d 1387, 1391 (9th Cir. 1993). A fraudulent conveyance or transfer is a transaction by which the owner of real or personal property has attempted to place the land or goods beyond the reach of his creditors or any other person who has legal or equitable rights to the property. Rainier Nat'l Bank v. McCracken, 26 Wn. App. 498, 506, 615 P.2d 469 (1980). Under the Uniform Fraudulent Transfer Act, a transfer may be fraudulent if the transfer was made by a

ORDER - 5

debtor with actual intent to hinder, delay, or defraud a creditor. RCW 19.40.041(a)(1); Clearwater v. Skyline Constr. Co., Inc., 67 Wn. App. 305, 320, 835 P.2d 257 (1992). A transfer may also be constructively fraudulent if it was made without adequate consideration. RCW 19.40.041(a)(2); Clearwater, 67 Wn. App. at 320.

The Palmers' transfer of the subject property to The Land Bountiful One is fraudulent under RCW 19.40.041. The Palmers purported to transfer the property to The Land Bountiful One in order to hinder the ability of the IRS to collect their federal tax liabilities. The Palmers continued to retain control over and use of the property after they purportedly transferred the property to The Land Bountiful One. The Land Bountiful One paid the Palmers no consideration for the property. The Palmers purportedly transferred the property to The Land Bountiful One in 2000, after Timothy Palmer had accrued nearly $1 million in outstanding federal tax liabilities for tax years 1992-1999 and Deanna Palmer had accrued over $250,000 in outstanding federal tax liabilities for tax years 1992-1996. When the Palmers purported to transfer the property to The Land Bountiful One, they knew they had not paid federal income taxes for tax years 1992-1999.

The Court also finds the Palmers believed or reasonably should have believed that they would incur debts beyond their ability to pay at the time of the purported transfer of the subject property. At the time of the transfer, the Palmers had already accumulated almost $1.25 million in tax debt they could not pay. Already having accumulated such a large debt beyond their ability to pay, the Palmers should have reasonably believed they would continue to incur debts beyond their ability to pay. Thus, as the transfer was for no consideration, the transfer is fraudulent under Washington Revised Code Section 19.40.041(a)(2)(ii) and should be set aside.

A corporate form may be disregarded for federal tax purposes if "it is a sham or unreal." Moline Prop. v. Comm'r, 319 U.S. 436, 439 (1943); see also Wolfe v. United States, 798 F.2d 1241, 1243 (9th Cir. 1986)(Corporations established with no valid purpose are considered sham corporations, and thus not entitled to separate taxable status.); Zmuda v. Comm'r, 731 F.2d 1417, 1421 (9th Cir. 1984)(holding that the trusts at issue were "shams" and thus disregarded for federal tax purposes). Here, the claim that The Land Bountiful One is a separate entity and corporation sole is a "bald and mischievous fiction."

ORDER - 6

Moline Prop., 319 U.S. at 439. Thus, The Land Bountiful One is a sham entity that must be disregarded for federal tax purposes. See Moline Prop. v. Comm'r, 319 U.S. at 439.

**Foreclosure of Federal Tax Lien**

Pursuant to the Internal Revenue Code, the government of the United States obtains a lien against "all property and rights to property, whether real or personal" of any person who neglects or refuses to pay their taxes. 26 U.S.C. § 6321. The lien arises automatically on the date of the assessment and continues until the tax liability is satisfied. 26 U.S.C. § 6322; United States v. National Bank of Commerce, 472 U.S. 713, 719 (1985). The United States may enforce the lien by commencing an action in District Court, joining all parties with an interest in the property to the action, and obtaining a judicial sale of the real property. 26 U.S.C. § 7403; United States v. Rodgers, 461 U.S. 677, 691-92 (1983); U.S. v. Cowan, 535 F. Supp.2d 1135, 1147 (D. Hawaii 2008).

All parties having liens upon or claiming any interest in the property involved in such action have been named as defendants to this action as required by 26 U.S.C. 7403(b). Accordingly, this Court may proceed to adjudicate the merits of the claims against the subject property, order a sale, and distribute the proceeds according to the priority of the claims. 26. U.S.C. § 7403(c).

Default judgment has been entered against U.S. Bancorp. The Palmers have failed to present any evidence or authority to prevent the foreclosure. The only two lien-holders claiming an interest in the subject property are Pierce County and the United States. Pierce County and the Untied States have entered into a stipulation regarding the distribution of proceeds from any sale of the property. Accordingly, the Court orders the sale of the subject property to satisfy Timothy and Deanna Palmer's federal tax liens.

**Conclusion**

Based on the foregoing, the Court will grant the United States' Motion for Summary Judgment. The Palmers' federal income tax liabilities and associated penalties plus interest are subject to judgment, the Palmers' federal tax liens may be foreclosed on the subject real property, and the property put up for judicial sale.

ORDER - 7

ACCORDINGLY;

IT IS ORDERED:

A. Defendant Timothy L. Palmer is indebted to the United States in the amount of $2,769.177.15, plus interest and other statutory additions, as provided by law, that accrue after May 31, 2009, and that judgment in that amount be entered against Timothy L. Palmer and in favor of the United States;

B. Defendant Deanna M. Palmer is indebted to the United States in the amount of $646,555.15, plus interest and other statutory additions, as provided by law, that accrue after May 31, 2009, and that judgment in that amount be entered against Deanna M. Palmer and in favor of the United States;

C. The United States has valid federal tax liens against all property and rights to property of Timothy and Deanna Palmer, including but not limited to their interest in the subject property;

D. The transfer of the subject property to the name of The Land Bountiful One was and is fraudulent, and that the transfer is utterly null and void and of no effect as to the rights of the United States as a creditor of Timothy and Deanna Palmer, and that the transfer be set aside;

E. The Land Bountiful One is a sham entity and should be disregarded for federal tax purposes;

F. The Land Bountiful One has no interest in this property that is superior to that of the United States; and

G. The federal tax liens against Defendants Timothy and Deanna Palmer encumbering the subject property be foreclosed, and the property be sold with the proceeds to be distributed according to the Stipulation and Request for Order Regarding Lien Priority [Dkt. No. 71].

DATED this 16th day of June, 2009

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8